JUSTICE COTTER
dissents.
¶22 I respectfully dissent from the majority opinion.
¶23 Judge John Christensen has presided in this case since July 1999. He has a working knowledge of all filings related to this matter, and a broad, on-going understanding of the issues and the positions of the parties. Additionally, he has presided over two evidentiary hearings during which he was able to observe the demeanor of the parties and/or their representatives, as well as the intensity level of their respective positions.
¶24 As a result of his singular understanding of this case, Judge Christensen found that Bowers and White “were unwilling to assume responsibility for payment of taxes, management, protection and preservation of the Estate’s assets in Montana.” He also found that Shannon was not an appropriate person to represent the Charles Kuralt Estate in that her appointment “would do little to resolve the many claims clouding the Estate in that she is an active litigant in those very claims.”
¶25 The majority states at ¶ 19: “We see no reason to refuse the appointment of Bowers and White simply because they may likely resist the claims of a devisee.” Whether or not we see a reason to refuse the appointment is not the issue. The issue is whether the district court abused its discretion in refusing it. I would hold that it was within the district court’s discretion to determine whether Bowers and White, and Shannon for that matter, should act as personal representatives of the Estate. Therefore, I would conclude that it was not an abuse of discretion for Judge Christensen to decide that the “best interests of all affected parties in this Estate” were better served by the court-appointed Special Administrator. I would affirm.